UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

In re:
RONNIE JACKIE GREEN and
AMIE ADAMS GREEN,
    Debtors.                                      No. 11-05-16399 SR

BONITO LAND & LIVESTOCK, INC.,
    Plaintiff,
v.                                                Adv. No. 05-1217 S

RONNIE JACKIE GREEN,
    Defendant.

## MEMORANDUM OPINION ON PLAINTIFF'S
## MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on Plaintiff Bonito Land & Livestock, Inc.'s ("Bonito") Motion for Summary Judgment (doc 25) and Memorandum in Support (doc 26). Defendant filed a Response (doc 31) to which Plaintiff replied (doc 33). Plaintiff appears through its attorney Moses, Dunn, Farmer & Tuthill, P.C. (Victor Carlin). Defendant appears through his attorney Moore, Berkson & Gandarilla, P.C. (George Moore). This adversary proceeding is one to determine the dischargeabilty of a debt and is therefore a core proceeding under 28 U.S.C. § 157(b)(2)(I). The Motion is based upon the collateral estoppel effect of a state court judgment that Plaintiff claims establishes all elements of a claim for defalcation while acting in a fiduciary capacity. For the reasons set forth below, the Court finds that the Motion for Summary Judgment is not well taken and should be denied.

Defendant does not dispute Bonito's Statement of Undisputed Facts, which provides:

1.   From January 5, 1995 until July 22, 1999 Ron Green ("Green") served as Vice President, Secretary, and Director of Bonito.

2.   Green participated in the day-to-day operations, management, and decision-making process of Bonito until July 22, 1999, at which time he was removed as Vice President/Secretary and Director.

3.   The removal of Green as Vice President/Secretary and Director of Bonito was justified by the appearance of self-dealing and breach of duty of loyalty owed to Bonito by Green.

4.   After a trial on the merits, on July 22, 2002 the Twelfth Judicial District Court, Lincoln County ("State Court"), entered judgment on Bonito's Counterclaim against Green in the amount of $140,079.42 as of August 1, 2002, plus interest at the rate of 8.75% per annum, plus costs.

5.   On or about November 18, 2002 the State Court entered an award of costs in the amount of $103,297.48 against Green in favor of Bonito.

6.   Green owes Bonito the sum of $135,446.38 as a result of unaccounted for funds from corporate transactions handled by Green, corporate property conveyed by Green to himself, and pursuant to promissory notes from Green to Bonito.

7. $13,000 of the Judgment represents certain promissory notes which bear prejudgment interest in the amount of $4,613.04 as of August 1, 2002.

8. Green's hands were proven to be unclean.

9. Green diverted corporate assets from Bonito to his own benefit and wholly failed to account to Bonito therefore.

10. The funds taken by Green from the sales of Bonito's property that were not accounted for by Green were intentionally converted by Green for his own use.

11. Green's conversion of Bonito's property for his personal use was done intentionally.

12. Bonito has been damaged by Green's intentional conversion of Bonito's property in the amount of $122,466.38.

13. Green wrongfully diverted funds from Bonito.

14. Green wrongfully conveyed corporate property to himself.

15. Green's actions as described in Bonito's Counterclaim constituted a breach of his fiduciary duties to Bonito.

16. Green diverted funds from the sale of corporate assets to his personal benefit and transferred corporate assets into his own name.

17. Green breached his duty of loyalty to Bonito.

18. With regard to Bonito's Counterclaim for conversion and breach of fiduciary duty the State Court used the ordinary preponderance of the evidence standard.

**CONCLUSIONS OF LAW**

Collateral estoppel applies. But, the Court bases its decision on substantive provisions of the Bankruptcy Code so will not address the collateral estoppel issues.

Bankruptcy Code Section 523(a)(4) provides:

> A discharge under section 727, ... of this title does not discharge an individual debtor from any debt--
> ...
> (4) for fraud or defalcation while acting in a fiduciary capacity...

Accordingly, a finding of nondischargeability under section 523(a)(4) requires a showing of (1) the existence of a fiduciary relationship between the debtor and the objecting party, and (2) a defalcation committed by the debtor in the course of that fiduciary relationship. <u>Antlers Roof-Truss & Builders Supply v. Storie (In re Storie)</u>, 216 B.R. 283, 286 (10th Cir. BAP 1997) (<u>citing</u> <u>Fowler Bros. v. Young (In re Young)</u>, 91 F.3d 1367, 1371 (10th Cir. 1996)). Defendant admits (for the purposes of this motion only) that, if he were a fiduciary, his acts would constitute defalcations. <u>See</u> Defendant's Response to Plaintiff's Motion for Summary Judgment, doc 31, at p. 2. Therefore, the only dispute before the Court is the existence of the fiduciary relationship.

The existence of a fiduciary duty for section 523(a)(4) is a question of federal law, not a "fact" that can be pled. <u>Van de Water v. Van de Water (In re Van de Water)</u>, 180 B.R. 283, 289

(Bankr. D. N.M. 1995) (fiduciary capacity is a question of federal law; the general definition of fiduciary is too broad in the dischargeability context.); Young, 91 F.3d at 1371 ("The existence of a fiduciary relationship under § 523(a)(4) is determined under federal law.")  In Employers Workers' Compensation Assoc. v. Kelley (In re Kelley), 215 B.R. 468, 471-72 (10th Cir. BAP 1997), the Tenth Circuit Bankruptcy Appellate Panel discussed fiduciary duty:

> Section 523(a)(4) of the Bankruptcy Code excepts from discharge any debt "for fraud or defalcation while acting in a fiduciary capacity."  The Tenth Circuit recently explained the meaning of "fiduciary capacity" in this provision.
>> The existence of a fiduciary relationship under § 523(a)(4) is determined under federal law. However, state law is relevant to this inquiry. Under this circuit's federal bankruptcy case law, to find that a fiduciary relationship existed under § 523(a)(4), the court must find that the money or property on which the debt at issue was based was entrusted to the debtor.  Thus, an express or technical trust must be present for a fiduciary relationship to exist under § 523(a)(4). Neither a general fiduciary duty of confidence, trust, loyalty, and good faith, nor an inequality between the parties' knowledge or bargaining power, is sufficient to establish a fiduciary relationship for purposes of dischargeability. "Further, the fiduciary relationship must be shown to exist prior to the creation of the debt in controversy." [Allen v. Romero (In re Romero)], 535 F.2d [618,] 621 [(10th Cir. 1976)].
> Fowler Bros. v. Young (In re Young), 91 F.3d 1367, 1371-72 (10th Cir. 1996)(additional citations omitted). We are, of course, obliged to apply this narrow view of the fiduciaries who are covered by § 523(a)(4).

The Kelley court also noted that state statutes often, but not always, impose trusts on persons held to be fiduciaries as a

Page -5-

matter of law based on their relationships.  Id. at 473.  See also Van de Water, 180 B.R. at 289 ("The trust requirement is not limited to trusts arising out of a formal agreement, but includes relationships in which trust-type obligations are imposed pursuant to statute or common law.") (Citation omitted.)  A state statute must meet three requirements to trigger section 523(a)(4)'s fiduciary status: (1) the trust res must be defined by the statute, (2) the statute must spell out the fiduciary duty, and (3) the statute must impose a trust on funds prior to the act creating the debt.  Kelley, 215 B.R. at 473.[1]

In this case, Bonito does not argue that there was an express trust.  Rather, Bonito claims that under New Mexico law corporate directors "are charged with something more than a general fiduciary duty."  Memorandum Brief in Support of Plaintiff's Motion for Summary Judgment, doc 26, at p. 5.  Alternatively, Bonito argues that the Tenth Circuit has abandoned the requirement of an express or technical trust.  Reply Brief in Support of Plaintiff's Motion for Summary Judgment, doc 33, at pp. 1-4.

First, Bonito argues that the statutes concerning corporate governance establish the requisite trust.  However, there is

---

[1] See also Davis v. Aetna Acceptance Co., 293 U.S. 328, 333 (1934): "It is not enough that, by the very act of wrongdoing out of which the contested debt arose, the bankrupt has become chargeable as a trustee ex maleficio.  He must have been a trustee before the wrong and without reference thereto."

Page -6-

nothing in the Business Corporation Act (N. M. Stat. Ann. § 53-11-1 et seq.) that makes directors or officers of a corporation a trustee of corporate assets. Corporations themselves have the power to own and hold both real and personal property. N. M. Stat. Ann. 53-11-4(D). The statute does not provide for property to be held by the directors or officers in trust. Therefore, the first part of the Kelley test is not met. While the statutes arguably recognize a generalized fiduciary duty of officers and directors to the corporation[2], they do not spell out any specific fiduciary duties that officers or directors must exercise over any specific assets. Therefore, the second part of the Kelley test is also not met. There is no trust.

Second, Bonito's alternative argument fails. Most of this argument focuses on Orem Postal Credit Union v. Twitchell (In re Twitchell), 892 F.2d 86 (10th Cir. 1989)(Table) which reversed the Utah District Court, 91 B.R. 961 (D. Utah 1988), which had reversed the Utah Bankruptcy Court, 72 B.R. 431 (Bankr. D. Utah 1987). Bonito's argument is that when the Tenth Circuit reversed the District Court without opinion it in effect adopted the Bankruptcy Court's opinion as the law of the Tenth Circuit. The

---

[2] See N. M. Stat. Ann. § 53-8-25.1, Duties of Directors: "A director shall perform his duties as a director ... in good faith, in a manner the director believes to be in or not opposed to the best interests of the corporation and with such care as an ordinarily prudent person would use under similar circumstances in a like position."

Page -7-

Case 05-01217-s    Doc 34    Filed 02/29/08    Entered 02/29/08 13:36:29 Page 7 of 10

Bankruptcy Court had found that Utah statutes placed the Defendant in a fiduciary relationship with the credit union of which he was president and treasurer. <u>Id.</u> at 434. The Bankruptcy Court then found several defalcations and held the debt nondischargeable. <u>Id.</u> at 436. The Bankruptcy Court did not find a specific trust; its decision was based on the mere existence of a fiduciary duty followed by defalcations. The sole issue on appeal to the District Court was whether Mr. Twitchell was a fiduciary within the meaning of section 523(a)(4). 91 B.R. at 963. The District Court reversed. It found that the Utah statute in question recognized that officers of credit unions have fiduciary duties to the institution, but stated "[n]evertheless, there are no regulations in [the statute] that express a legislative intent to place a credit union officer as a trustee over funds belonging to the credit union." <u>Id.</u> at 966. The Tenth Circuit reversed without opinion. 892 F.2d 86 (10th Cir. 1989)(Table). Bonito argues that this reversal indicates that the Tenth Circuit agreed that the existence of a fiduciary duty, standing alone, is sufficient for section 523(a)(4) liability. However, it is as equally plausible that the Tenth Circuit independently reviewed the statute in question and found that in fact it created a trust. We do not know.

In any event, a single panel of the Tenth Circuit cannot reverse a decision of a prior panel without an en banc hearing or

Page -8-

an intervening contrary decision by the United States Supreme Court.  In re Smith, 10 F.3d 723, 724 (10th Cir. 1993)(Per curium), cert. denied, 513 U.S. 807 (1994).  Therefore, Twitchell cannot be deemed as reversing Allen v. Romero (In re Romero), 535 F.2d 1618, 1621 (10th Cir. 1976)(which requires an express or technical trust be present for the fiduciary duty to be nondischargeable) or Fowler Bros. v. Young (In re Young), 91 F.3d 1367, 1371 (10th Cir. 1996)[3] ("Under this circuit's federal bankruptcy case law, to find that a fiduciary relationship existed under §523(a)(4), the court must find that the money or property on which the debt at issue was based was entrusted to the debtor. ... Thus, an express or technical trust must be present for a fiduciary relationship to exist under §523(a)(4)." (Citations omitted.))

**CONCLUSION**

This Court is bound by Tenth Circuit case law such as In re Romero and In re Young, both of which require the existence of an express or technical trust before finding a fiduciary duty that is subject to Bankruptcy Code section 523(a)(4).  There is no express trust in this case, and there is no technical or statutory trust arising from New Mexico's Business Corporation Act.  The Court therefore can find no fiduciary duty and the

---

[3]Note also that In re Young was decided after Twitchell.

section 523(a)(4) breach of fiduciary duty claim should be dismissed.

                                        _____
                                        Honorable James S. Starzynski
                                        United States Bankruptcy Judge

Date Entered on Docket:   February 29, 2008

copies to:

Victor E Carlin
Moses Law Firm
PO Box 27047
612 First Street, NW
Albuquerque, NM 87125-7047

George M Moore
Moore, Berkson & Gandarilla
PO Box 216
Albuquerque, NM 87103-0216

Arin Elizabeth Berkson
Moore, Berkson & Gandarilla, P.C.
PO Box 216
Albuquerque, NM 87103-0216